# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60850
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2020

Lyle W. Cayce
Clerk

OSCAR ZARRE-MENDOZA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 810 778

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Oscar Zarre-Mendoza, also known as Oscar Sarres Mendoza, is a native and citizen of Honduras. He first entered the United States without authorization in August of 1993. He was ordered deported in absentia in 1994. After his initial deportation in 1997, he illegally reentered the United States several times and was deported several times. He also committed several Texas crimes, including an aggravated robbery for which he was sentenced to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60850

20 years in prison. In 2017 he successfully moved to have his in absentia deportation proceeding reopened on grounds not relevant here.

As found by the immigration judge (IJ) and the Board of Immigration Appeals (BIA), and not contested by Zarre-Mendoza, the only possible form of relief from deportation currently available to Zarre-Mendoza is deferral under the Convention Against Torture (CAT). The IJ denied CAT relief, and the BIA affirmed that denial, on the ground that Zarre-Mendoza failed to show the required likelihood of torture by, or with the acquiescence of, the government of Honduras.

We review the BIA's decision and consider the IJ's decision to the extent it influenced the BIA. *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019). The BIA's legal determinations are reviewed de novo. *Id.* However, a finding that an alien has not demonstrated entitlement to CAT relief will be upheld unless the evidence *compels* a contrary conclusion. *See id.* at 228-29; *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

"To obtain relief under [the] CAT, an alien must demonstrate . . . that it is more likely than not that he will be tortured if he is removed to his home country." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." § 208.18(a)(2); *see Iruegas-Valdez*, 846 F.3d 806, 812 (5th Cir. 2017). In addition, "the pain or suffering in question must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Iruegas-Valdez*, 846 F.3d at 812 (internal quotation marks and citation omitted).

Zarre-Mendoza's petition for review repeats his prior arguments before the IJ and BIA and presents scattered and conclusional allegations of

2

harassment and extortion by gangsters and police, along with a bare assertion that his life is in danger.  He notes that Honduras has a poor record in protecting human rights and fighting gang violence.

Although Zarre-Mendoza recites the definition of torture, he does not explain how his mistreatment by gangsters or police meets that definition.  The BIA agreed with the IJ's conclusion that Zarre-Mendoza's reported encounters "with suspected gang members and police simply do not rise to the level of extreme, cruel and inhuman treatment to establish past torture, nor has he shown that the harm he fears upon return will qualify as torture."  Zarre-Mendoza's conclusional assertions that he was, and will be, tortured fail to compel a conclusion that it is more likely than not that he will be tortured upon his return to Honduras.  *See Majd*, 446 F.3d at 595; *cf. Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007) (argument deemed abandoned because it did not extend beyond a conclusory assertion).

Neither does Zarre-Mendoza show that there is "sufficient state action involved in [the alleged] torture."  *Iruegas-Valdez*, 846 F.3d at 812 (internal quotation marks and citation omitted); *see Chen*, 470 F.3d at 1141.  His conclusional assertions that police might not prevent or respond to gang violence are insufficient to prove acquiescence.  *See Martinez Manzanares*, 925 F.3d at 229; *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).  The evidence thus does not compel a finding of government acquiescence.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015).

In light of the foregoing, we need not address Zarre-Mendoza's contention that he cannot safely relocate within Honduras.  Zarre-Mendoza has failed to show that the evidence compels a finding that he is entitled to relief under the CAT.  *See Martinez Manzanares*, 925 F.3d at 228-29.  The petition for review is DENIED.